OPINION OF THE COURT
Michael Wollin, J.
The plaintiff Iberia Foods Corp. (Iberia) moves for an order enjoining and restraining the defendant Walmar Food Corp. (Walmar), its agents, servants and employees and all persons acting in concert with them from taking any steps in accepting and receiving the proceeds due it from the insurance companies as a result of a fire to its premises and from disbursing of and/or absconding with the funds.
Iberia sold goods to Walmar and claims a balance due it in the sum of $6,294.90. It is alleged that Walmar is expected to receive payments from various insurance carriers arising out of the claim for damages suffered from a fire to its premises and is disposing of all of its assets. Iberia is unable to locate the sole stockholder, director or officer of Walmar and fears the avoidance of satisfying its claim.
Previously to this motion, a summons was served and answered on August 17, 1979. Iberia complied with the demand for a bill of particulars.
Walmar defaulted on return date of this motion.
The query posed to the court is whether it can restrain the carriers from distributing the proceeds, if any, of the claim prior to judgment. Since Walmar is alleged to be a debtor and *7 is not an adjudged judgment debtor, this court reluctantly comes to a contrary conclusion.
The order to show cause staying the distribution of the funds appears to have been granted erroneously. Until the relationship of judgment creditor and judgment debtor exists, this court is unable to enjoin or restrain the distribution of the funds.
The Civil Court Act delineates and delimits the authority of this court. This court should have the identical statutory powers inherent in the CPLR and exclusively vested in the Supreme Court but confined to its monetary limitations. But this is not so.
While the Supreme Court may enjoin, restrain, and attach the distribution of funds prior to judgment, the power of this court is stunted and is preventive from dispensing adequate relief.
Statutorily, particularly since the defense of the defendant is denuded by its default, it is inequitable for Iberia to be without any remedy in this court.
The appropriate portion of subdivision (b) of section 209 of the New York City Civil Court Act states:
"(b) Injunction or restraining order. No injunction or restraining order or notice shall issue out of or by this court unless:
"(1) pursuant to §§ 7102 (d), 7103 (c) and 7109 of the CPLR, in conjunction with the recovery of a chattel, or * * *
"(3) pursuant to § 1508 of this act, in conjunction with an enforcement proceeding”.
CPLR 7102 (subd [d]) refers to an order of seizure of a chattel, CPLR 7103 refers to a return of a chattel seized and CPLR 7109 refers to injunctive relief granted where a unique chattel is involved.
Section 1508 of the New York City Civil Court Act is applicable if the court has been granted jurisdiction of an enforcement proceeding in the furtherance of the enforcement of a money judgment.
It is apparent that the pertinent sections of the CPLR and the Civil Court Act offer no relief to Iberia.
The failure of Iberia to reduce its claim to a money judgment is fatal to this motion. The court is unable to prescribe the sought relief which is statutorily proscribed. Motion denied.